JACKSON GRAHAM, plaintiff in error, *vs.* ELVIRA W. CAMPBELL *et al.*, defendants in error.

1. Where one of the subscribing witnesses to an unrecorded deed was dead, and the other stated that he did not recollect its contents, and the instrument was lost, parol evidence as to its terms was admissible.

2. Where a power of attorney authorized the agent thereby appointed to dispose of several tracts of land, and it was recorded with the conveyance of one tract, but subsequently lost, such record was admissible upon the trial of an issue as to the title to another tract conveyed thereunder, for the purpose of showing that such power had once been in existence.

3. Whilst the preliminary inquiry necessary to the introduction of secondary evidence is addressed to the discretion of the court, yet all the evidence admitted is for the consideration of the jury.

4. If an agent sign a note with his own name alone, and there is nothing on the face of the note to show that he was acting as agent, he will be personally liable on the note, and the principal will not be liable. If an agent make a note in his own name and add to his signature the word " agent " and there is nothing on the note to indicate who is the principal, the agent will be personally liable just as if the word agent were not added.

5. There is sufficient evidence to sustain the verdict.

Deeds. Evidence. Practice in the Superior Court. Principal and agent. Promissory notes. New trial. Before Judge KIDDOO. Jasper Superior Court. February Term, 1875.

Reported in the decision.

C. L. BARTLETT; A. REESE; E. P. HOWELL, for plaintiff in error.

W. A. LOFTON; F. JORDAN, for defendants.

WARNER, Chief Justice.

This was a claim case, on the trial of which the jury, under the charge of the court, returned a verdict finding the property levied on not subject. The plaintiff made a motion for a new trial on the several grounds therein set forth, which was overruled by the court, and the plaintiff excepted.

It appears from the evidence in the record that on the 19th of October, 1866, Graham, the plaintiff, sued out an attachment against H. M. Gay, the defendant, who was a non-resident of the state, returnable to the semi-annual term of the county court of Jasper county, in 1867, which was levied on six hundred and fifty acres of land as the property of the defendant, Gay, which was claimed by Campbell, as trustee for his wife and children. The plaintiff alleged in his declaration founded on the attachment, that the defendant, Gay, was indebted to him in the sum of $1,069 70, besides interest, on a promissory note signed by C. E. F. W. Campbell, agent of said Gay, which Gay refuses to pay, a copy of which note was attached to the plaintiff's declaration, and is in the following words and figures: "By the 25th day of December next, we, or either of us, promise to pay Bostwick & Graham, or bearer, the sum of $1,069 70 for value received; March 28th, 1861." Signed by C. E. F. W. Campbell. Upon this declaration a verdict and judgment was obtained against Gay to be levied on the land attached as the property of Gay. The claimant being no party to that judgment attacked it on the ground that there was nothing on the face of the record of that judgment which could have authorized the county court to have rendered it against the property of Gay, the defendant in attachment, but on the contrary the record affirmatively shows

that the judgment was rendered against the property of Gay on a contract made by Campbell; in other words, the record shows that the judgment was rendered against Gay's property to pay Campbell's debt. The claimant claimed the land under a deed made by him to himself, as trustee for his wife and children, under a power of attorney from H. M. Gay, the defendant, dated about the 2d of October, 1861. The deed and power of attorney were both lost, neither the deed nor power of attorney in connection therewith had been recorded, but the power of attorney in connection with the deed conveying another tract of land to a different party had been recorded, the record of which the court allowed to be read in evidence, over plaintiff's objections, from which it appeared that Gay had authorized Campbell, the claimant, to dispose of all his lands in the counties of Newton and Jasper. The court, after hearing evidence of the loss of the deed and of the death of one of the subscribing witnesses thereto, the other subscribing witness stating that he did not recollect the contents of the deed, and could not say whether it was read or not at the time he attested it as a witness, allowed parol evidence as to the contents of the deed by witnesses who had seen and read it.

1, 2. We find no error in admitting parol evidence of the contents of the lost deed under the facts of the case as disclosed in the record, nor in admitting in evidence the record of the power of attorney as a circumstance going to show that the original power of attorney alleged to have been lost had been in existence.

3. The preliminary inquiry as to the loss of the paper and the exercise of proper diligence to lay the foundation for the introduction of such evidence, is a question which is addressed to the sound discretion of the judge according to the peculiar circumstances of the case: 1 Greenleaf's Evidence, section 558. We think, however, that the court erred in its charge to the jury, "that the court having let in evidence the contents of a paper upon proof of its loss, they could not consider whether it had been properly executed, or whether its loss had been

proven, and that they could only consider what the proof of its contents was, and what it conveyed, to whom, and by whom." The admissibility of the evidence was a question for the court, but its weight and effect, when taken in connection with other facts in the case, was a question for the jury, and should be left to their consideration and judgment.

4. It would be extremely difficult for us to hold that the judgment rendered in the county court on the attachment and declaration founded thereon, against the property of Gay, on the note signed by Campbell, as the same appears on the face of the record, would bind his property as against the claimant, who was no party to that judgment, if the plaintiff, on the trial, had not gone behind it and put in issue the facts on which that judgment was based. The plaintiff's attorney in that case was introduced as a witness, who testified (without any objection having been made as to the competency of his evidence under the pleadings in the case,) that in 1860 or 1861, he had sent to him a debt of record from Texas against H. M. Gay, for the purposes of making the money out of Gay, who was here ; that he sued out a bail writ and had Gay arrested ; that he gave security and was released ; that he had the debt perfectly secure ; that Campbell, whose relations with witness were always very friendly, in the spring of 1861, came to him and told him that he was the agent of Gay, that Gay had left this land levied on, in his hands for the purpose of paying him this claim, and asked him to settle the bail case by taking his note as Gay's agent, and to release the security, and that it should be paid out of Gay's property which he had charge of. This was done, and as everything was done in haste and confusion on the eve of witness' departure for the war, by mistake he did not sign it as agent, and witness was surprised when he next saw the note in 1866, to find that he had not signed it as agent. It was given for Gay's debt, and not taken on Campbell individually. Witness treated him in signing the note as Gay's agent, and would not have agreed to release the bail writ security for the debt, for Campbell's individual debt, nor did he do so. Campbell testified that he

Graham *vs.* Campbell *et al.*

gave his individual note to the plaintiff's attorney in settle-
ment of the bail writ proceeding, and did not tell him that
Gay had left all his business in his hands, and that he had
control of this land to settle up this debt, and that he would
pay it out of the land, and that he had left it with him for
that purpose. The evidence being in conflict on this material
and controlling point in the case, the jury were authorized to
have found in favor of the claimant, that is to say, the jury
were authorized to have found that the note on which the
plaintiff's judgment was obtained against Gay, was not found-
ed on a debt due by Gay, but on a debt due by Campbell in
his individual capacity, therefore Gay's land was not subject
to that judgment. The general rule of the law is, that if an
agent sign a note with his own name alone, and there is noth-
ing on the face of the note to show that he was acting as
agent, he will be personally liable on the note, and the prin-
cipal will not be liable. If an agent make a note in his own
name and add to his signature the word "agent," and there
is nothing on the note to indicate who is the principal, the
agent will be personally liable just as if the word agent were
not added : 1 Parsons on Notes and Bills, 92, 95, 102.

5. The uncontradicted evidence in the record is, that the
money and property of the claimant's wife paid for the land,
and that the claimant, by himself or agents, had been in pos-
session of the land from 1861 until the time of trial. This
evidence of title on the part of the claimant, independent of
any other, would have been sufficient to have enabled him to
have attacked the plaintiff's judgment, or to have shown any
other valid legal reason why the land should not be made
subject to the payment thereof. The claimant was in the pos-
session of the land as the trustee of his wife and children,
and had been since 1861, with the purchase money paid
therefor out of the money and property of his wife. The
court, in its charge, submitted the question of fraud to the
consideration of the jury, and they having passed upon it
and found in favor of the claimant, and although the court
may have committed some errors in the progress of the trial,

still, in view of all the facts disclosed in the record, we will not interfere with the exercise of the discretion of the court below in overruling the motion for a new trial.

Judgment affirmed.