## LENNEY *v.* FINLEY.

1. The motion to dismiss the writ of error is without merit.
2. The rule that an undisclosed principal shall stand liable for the contract of his agent does not apply when the contract is under seal.   Accordingly, a lease under seal, executed by an agent as lessee in his individual name, and which does not purport to be executed on behalf of the principal, is not binding upon the latter, although it appears from extrinsic evidence that the lessee was the general agent to conduct a business for his principal, and that the premises were leased to be used in such business.
3. Where, during the continuance of the term under such a lease, the premises were used by the principal, or by his agent as manager in operating the business, an action for use and occupation could not be maintained against the principal.

Argued June 29, — Decided October 29, 1903.

Petition for certiorari.   Before Judge Lumpkin.   Fulton superior court.   October 28, 1902.

*J. R. Pottle* and *Spencer R. Atkinson,* for plaintiff in error.
*Lumpkin & Boykin,* contra.

FISH, P. J.    It appears from the record that James Finley as lessor, and W. E. Lenney as lessee, on January 1, 1901, executed a lease under seal of certain premises in the city of Atlanta, for a term to expire August 30, 1902, at a monthly rental of $45.60. The lease was signed by W. E. Lenney in his individual name, and contained no intimation that any one other than himself was in any way connected with the same or was to derive any benefit therefrom.   Part of the leased premises was described as " the reception room on the first floor, and on the second floor the operating rooms, which includes the skylight, dressing, dark, and printing rooms."    The lease contained the usual covenant by the lessee to pay the stipulated rent when due, and that in default thereof the lessor should have the right, at his option, to declare the lease void, cancel the same, and take possession of the premises; also that the lessee should have the right to make any improvements or additions that might be necessary to his business, without damage to the building, provided that all improvements, repairs, or changes, of whatsoever kind, should be at the expense of the lessee. During the term of the lease a photographic business, belonging solely to Mrs. Loiette Lenney, was conducted in the leased rooms, under the management of W. E. Lenney as her agent.   The lessor

did not know Mrs. Lenney in the transaction. On September 25, 1902, Finley "caused to be issued out of the justice's court . . a summons, in which it was claimed that [Mrs. Lenney] was indebted to [him] in the sum of $89.25, for rent of rooms," the premises in question. This case was tried by the magistrate upon an agreed statement of facts, the substance of which is above stated. In such agreement the case is stated as an "action against undisclosed principal for rent due under contract made with her agent," and it is recited therein that "The contract of rent for the premises, . . out of which the claim for rent in this case grew, was made with W. E. Lenney, Mrs. Loiette Lenney not being a party to such contract." The magistrate rendered judgment for the plaintiff against the defendant, Mrs. Loiette Lenney, for $89.25 ; whereupon she presented her petition for certiorari to the judge of the superior court, who refused to sanction same ; and the case is here upon a bill of exceptions sued out by her, assigning error upon such refusal.

1. Upon the call of the case in this court, counsel for Finley moved to dismiss the writ of error, on the grounds, (1) that it was not specified in the bill of exceptions what part of the record of the trial in the lower court should be transmitted to this court; (2) that it does not appear from the bill of exceptions that the case was tried in the superior court or any other court from which a bill of exceptions will lie to this court ; (3) that a bill of exceptions does not lie from a justice's court to this court ; (4) that there is no record from which this court can judge of the merits of the case and form a correct opinion of the errors complained of; and (5) that the record transmitted by the clerk of the superior court does not contain a copy of the pauper's affidavit made for the purpose of bringing the case to this court. This motion is without merit. The petition for certiorari was not sanctioned by the judge of the superior court, and hence did not become a part of the record of that court; and the only way that it could be brought up was by incorporating it in the bill of exceptions. The certificate of the trial judge affirmatively shows that the bill of exceptions contains all of the record and all of the evidence necessary to a clear understanding of the errors complained of; the bill of exceptions shows that the petition for certiorari was presented to the judge of the superior court, and sets out in hæc verba his order declining to

sanction it; the affidavit in forma pauperis referred to is attached to the bill of exceptions in due form, under the certificate of the clerk of the superior court; and while we will not gainsay the correctness of the contention of counsel that a writ of error does not lie from a justice's court to this court, it is of course readily apparent that this bill of exceptions does not seek to call in question directly the ruling of the magistrate, but that of the circuit judge in refusing to sanction the petition for certiorari.

2. In view of the character of the summons set out in the petition for certiorari, and the nature of the case as appears from the agreed statement of facts, it may be possible that the action should be treated as a suit on the express contract under seal made by W. E. Lenney, and therefore an effort to hold Mrs. Lenney, as the undisclosed principal of W. E. Lenney, liable on such contract; but as the summons is not in the record, and as there may be some doubt that such was the nature of the suit, we will deal with it as an action on the express contract under seal, and then as one for the use and occupation of the premises. If it were of the former character, the case is of easy disposition; for it is well settled that the rule that an undisclosed principal shall stand liable for the contract of his agent has no application to a contract under seal. *Merchants Bank* v. *Central Bank*, 1 *Ga.* 418; 1 Am. & Eng. Enc. L. (2d ed.) 1036, 1141; Bish. Con. § 1670; Mech. Ag. § 702; Clark, Con. 724; 1 McAdam, L. & T. 836–7; 1 Taylor, L. & T. § 139; Borcherling v. Katz, 37 N. J. Eq. 150. It follows, of course, that no recovery could be had against Mrs. Lenney if the suit was on the express sealed contract made by W. E. Lenney.

3. Nor do we think the action would lie against her if it be considered as one for use and occupation. To maintain an action for use and occupation, the relation of landlord and tenant must necessarily exist between the plaintiff and the defendant, founded on either an express or an implied contract. *Littleton* v. *Wynn*, 31 *Ga.* 583; 2 Taylor, L. & T. § 636. Certain it is that the relation of landlord and tenant did not exist between Finley and Mrs. Lenney by reason of any express contract. In *Mercer* v. *Mercer*, 12 *Ga.* 421, it was held: "Assumpsit for use and occupation lies generally upon contract, either express or implied. A contract may be implied from the title of the plaintiff and the occupation of the defendant. This being proven, a contract will be

inferred." This ruling was followed in *Clark* v. *Green*, 35 *Ga.* 92, and *Lathrop* v. *Standard Oil Co.*, 83 *Ga.* 310. The principle announced in these decisions was codified (Civil Code, § 3116), as follows : " When title is shown in the plaintiff and occupation by the defendant, an obligation to pay rent is generally implied ; but if the entry was not under the plaintiff, or if possession is adverse to him, no such implication arises." In *Lathrop* v. *Standard Oil Co.*, supra, it was said that a contract to pay rent would be implied upon proof of title in the plaintiff and occupation by the defendant, " without more." These decisions and this section of the code merely announce a rule of evidence as to what proof will authorize the implication of the relation of landlord and tenant and a consequent implied obligation to pay rent. When it appears, however, that a third party has the right, under an express lease contract with the plaintiff, to the use and occupancy of the premises during the time for which rent is claimed against the defendant, there is no room for the implication that the relation of landlord and tenant exists between the plaintiff and the defendant. In such a case the person who is the lessee under the express contract becomes vested with the term in the leased premises until a re-entry for condition broken, or a surrender of the lease; and the only remedy the lessor has to recover rent is by an action on the covenant against the lessee, or, if he has assigned the lease, against the assignee, who is liable for rent while in possession ; or, if there has been a subletting, by affirmatively electing to treat the subtenant as his own tenant and proceeding against him as such. In *Southern R. Co.* v. *State*, 116 *Ga.* 276, it was held : " A lessor of real property has no right of action against a third party for the use and occupation of a portion of the leased premises during the period of the lease and at a time when the lessee was entitled to the possession of the property. Where there is no injury to the freehold, the right of action, if any, is in the lessee." The facts of the present case show that under the lease from Finley to W. E. Lenney, the latter was the owner of the term created by such lease, and by virtue thereof was entitled to the use and occupancy of the premises during the term. If he permitted Mrs. Loiette Lenney to occupy the premises, or if he as her agent conducted a business thereon, during the term, he had the right to do so ; and if she was liable to any one for rent for such occupancy during the term, it.

was to him, and not to Finley.    Kiersted v. Orange & Alexandria R. Co., 69 N. Y. 343.

According to the decision in *Baldwin* v. *Garrett*, 111 *Ga.* 876, an agent to conduct a business may rent a house for his principal in which to conduct such business, and when the agent makes a contract of rental for his principal the latter will be bound, though undisclosed. While authority to conduct a business gives the agent implied authority to rent for his principal, evidence of authority to conduct the business will not avail to show that the contract of rental was actually made for the principal, in the face of an express contract under seal executed by the agent in his own name and when he rented solely for himself. No one is liable on a contract unless he is a party to it, either in fact or by implication of law. Certainly an agent to conduct a business for his principal may, if he so desires, enter into a lease under seal and in his own name and for himself, for the renting of a house in which to conduct such business. Kiersted v. Orange & Alexandria R. Co., supra. In *Maddox* v. *Wilson*, 91 *Ga.* 39, a borrower of money executed a note under seal and gave certain personalty in pledge to secure its payment. The lender supposed the money advanced was for the use of the maker of the note, and that the property pledged belonged to him, when as a matter of fact the borrower was the general agent of his wife, and secured the money for use in his wife's business, and she owned the property pledged. Previously to this transaction the wife had given a mortgage on the property in question to another person. The mortgage was foreclosed, and the property levied on under the mortgage fi. fa. The pledgee filed his claim, and upon the trial the property was found subject. Upon a review of the case by this court it was held that the claimant, after discovering that the borrower was the general agent of his wife in conducting the business, and that the money was for use in her business, might elect to treat her as the debtor in lieu of her husband, and might enforce the payment of the debt out of the property pledged; but it was also held that "the note, being under seal, would not bind her, no adequate authority to execute the instrument being shown." The decision was by two judges only, and consequently is not binding as authority. Moreover, what is ruled as to the right of the pledgee to treat the wife as his debtor seems to be obiter, as the court distinctly held that, in

accordance with what is now section 2962 of the Civil Code, the property held in pledge could be sold under the mortgage fi. fa., but, upon notice by the pledgee to the levying officer, the court, in distributing the proceeds, would recognize his lien according to its dignity, and give such direction to the funds as should protect his rights, and as the pledgee's special title in the goods pledged was tainted with usury, he could only proceed in the manner provided in this section.    It was therefore ruled that the verdict finding the property subject was right.   No question was before the court involving the right of the pledgee's lien, if any, on the proceeds of the sale of the property.    Be that as it may, however, we do not think that the ruling made in that case should, in view of what is hereinbefore said, be controlling in the present case.

*Judgment reversed.    All the Justices concur, except Turner, J., who did not preside.*