### VAN DYKE *v.* VAN DYKE.

1. It was held in *Lenney* v. *Finley*, 118 *Ga.* 718, that "The rule that an undisclosed principal shall stand liable for the contract of his agent does not apply when the contract is under seal."

2. This court declines to overrule that decision.

.3. If one lends money to another on his own credit, and takes therefor at the time a promissory note under seal, payable to the lender's order, the lender can not afterwards disregard such note, and render a third person liable for the money loaned, on the ground that such person was the principal of the borrower, which fact was unknown to the lender at the time when the loan was made.

Argued June 22, — Decided August 3, 1905.

Complaint.    Before Judge Reid.    City court of Atlanta. June 8, 1904.

Mary J. Van Dyke brought suit against Alice M. Van Dyke, alleging, in brief, as follows:    The defendant is indebted to the plaintiff in the sum of $1,440, besides interest, which indebtedness was created as follows:    On April 25, 1899, E. A. Van Dyke, the husband of the defendant, who the plaintiff knew had been the owner of 32 shares of the capital stock of the Merchants National Bank, of St. Paul, Minnesota, came to the plaintiff and informed her that the stock had been assessed forty-five per cent. of its face value, and that it was necessary, in order to prevent it from being sold, to pay the assessment and that he should send to the bank at once the amount of the assessment, and requested plaintiff to lend him the sum for that purpose.    Plaintiff loaned him the amount, and the money was used in paying off and discharging the assessment on the stock.    The stock was in fact then standing on the books of the bank in the name of the defendant. It was afterwards sold, and the proceeds were sent by a check payable to the order of defendant, and were used, as defendant claims, by her, to the extent of $1,400 in paying for certain improvements on land which she claims to own.    At the time the loan was made, the plaintiff did not know that the stock stood in the name of the defendant, but believed that it belonged to her husband.    Believing him to be the true owner, she took from him a note for the amount of the loan.    A copy of the note is attached to the declaration.    She has since learned that at the time she made the loan Van Dyke was acting as agent for his wife in borrowing the sum to pay off the assessment on the stock.    Plaintiff elects to proceed against the defendant as the undisclosed principal for whom the money was borrowed.    "By reason of the facts aforesaid defendant became liable to plaintiff in the sum of $1,440 besides interest."    The copy of the note attached to the

declaration showed it to have been a note under seal, payable to the order of the plaintiff, and signed by E. A. Van Dyke, with nothing on its face referring to defendant. On motion the court dismissed the action, on two grounds: first, that the declaration set out no cause of action, for the reason that the allegations disclosed that it was based on a contract under seal, and in such a case the law would not permit the plaintiff to proceed against the undisclosed principal when discovered; and second, that the allegations of the petition disclosed that the plaintiff parted with her money on an express contract under seal, and no action can be maintained against the defendant for money had and received. The plaintiff excepted.

*R. O. Lovett*, and *W. W. Haden*, for plaintiff.
*Culberson & Johnson*, for defendant.

LUMPKIN, J. (After stating the facts.) The general rule with reference to holding an undisclosed principal liable upon the contract of his agent is thus stated in the Civil Code, § 3024: " If an agent fails to disclose his principal, yet, when discovered, the person dealing with the agent may go directly upon the principal, under the contract, unless the principal shall have previously accounted and settled with the agent." This is a codification of the law as it stood prior to the original Code of 1863, and is not an innovation resulting from legislative enactment. In *Lenney* v. *Finley*, 118 *Ga.* 718, it was held that " The rule that an undisclosed principal shall stand liable for the contract of his agent does not apply when the contract is under seal. Accordingly, a lease under seal, executed by an agent as lessee in his individual name, and which does not purport to be executed on behalf of the principal, is not binding upon the latter, although it appears from extrinsic evidence that the lessee was the general agent to conduct a business for his principal, and that the premises were leased to be used in such business." We are asked to review and reverse this decision; but the court declines to change the ruling then made. An examination of the authorities cited in the opinion will show that it was not without foundation. In *Merchants Bank* v. *Central Bank*, 1 *Ga.* 418, it was said: " In the execution of instruments under seal, by an agent, the general rule is, that it must purport, upon its face, to be the contract of the principal, and

his name must be inserted in it, and signed to it." See also *Compton* v. *Cassada*, 32 *Ga.* 428 (compare *Tenant* v. *Blacker*, 27 *Ga.* 418; as to the execution of a power, see *Terry* v. *Rodahan*, 79 *Ga.* 278); *Graham* v. *Campbell*, 56 *Ga.* 258. In 1 Am. & Eng. Enc. L. (2d ed.) 1141, it is said: "It has been laid down as a common-law doctrine, that when a contract is made by an instrument under seal, no one but a party to the instrument is liable to be sued upon it, and therefore, if made by an agent or attorney, it must be in the name of the principal, in order that he may be a party, because otherwise he is not bound by it. . . . Some of the later decisions, however, qualify this doctrine by holding that when a sealed contract has been executed in such form that it is in law the contract of the agent and not of the principal, but the principal's interest in the contract appears upon its face, and he has received the benefit of the performance by the other party and has ratified and confirmed it by acts in pais, and the contract is one which would have been valid without a seal, the instrument will be binding on the principal." In the note attached to the declaration there is nothing to indicate that it was executed by Van Dyke as agent, or that his wife was in any way connected with it. Indeed no reference to her or to any agency is made in the paper. See Briggs *v.* Partridge, 64 N. Y. 357; Mechem on Agency, §§ 701, 702, and note; Clark on Contracts, § 275, p. 519; Bishop on Contracts, §§ 426, 1070; Evans *v.* Wells & Spring, 22 Wend. 324, in which several interesting opinions were filed. Some courts hold that negotiable instruments do not fall within the general rule and that an unnamed principal can not be sued on them. See Clark on Contracts, § 275 (p. 519) and notes. It is contended that the rule applies only to instruments which were specialties at common law, as to which a seal was necessary; and that in cases where the instrument would be valid without a seal, the addition of a seal would not bring it within the rule. There are some authorities holding or tending to hold this to be the rule. See Stowell *v.* Elred, 39 Wis. 614; Wagoner *v.* Watts, 44 N. J. Law, 126; Shuetze *v.* Bailey, 40 Mo. 69, 75. The distinction drawn in this line of authorities, however, has not been followed in Georgia. In the case of *Lenney* v. *Finley*, supra, the instrument under considera-

tion was a lease for a term less than two years, which under our law conveyed no interest in land, and could have been executed without any seal. In *Rowe* v. *Ware*, 30 *Ga.* 378, it was held that "The signature of a sealed instrument by an agent, the principal not being present, is not binding on the principal, unless the authority of the agent be under seal." In the body of the opinion it is said: "But it was said that the bond need not have been under seal, though in point of fact it was so, and therefore the seal might be disregarded. Not so. The question was, whether Taylor had authority to sign the names of Hooks and Herndon to this bond as it is — *sealed* as it is. Whether a bond without a seal (to use, for convenience, a short but inaccurate phrase) would be valid, has nothing to do with the case, for there was no such paper in the case." This was reaffirmed in *Overman* v. *Atkinson*, 102 *Ga.* 750.

It is further contended that a note under seal does not fall within this rule. At common law a note under seal was unknown. Such an instrument more nearly approximated a "single bond." Broom's Common Law (9th ed.) 272, 484; *Sivell* v. *Hogan*, 119 *Ga.* 170. It is unnecessary to discuss the exact status of a sealed note. In *Albertson* v. *Holloway*, 16 *Ga.* 377, its nature was considered, and it was held that a plea of failure of consideration could be made to a suit based on it. In other cases there have been intimations that a presumption of a consideration arose from the presence of a seal, but that it might be rebutted. See *Neil* v. *Bunn*, 58 *Ga.* 583; *Simms* v. *Lide*, 94 *Ga.* 553. In *Weaver* v. *Cosby*, 109 *Ga.* 310, Mr. Justice Lewis said that an instrument then before the court, being under seal, "raised a strong presumption of law" that it was founded upon a consideration. In *Sivell* v. *Hogan*, 119 *Ga.* 167, 169–170, the opinion was strongly expressed, although no direct ruling was made, that a seal raises a conclusive presumption of the existence of a consideration at the time the contract was entered into, but not that it has not since failed, either wholly or partially; and accordingly that want of consideration can not be pleaded, but failure of consideration may be. Whether the presumption thus raised is disputable or conclusive, the fact of being under seal gives to the note a character which it would not have otherwise. Moreover, the statute of limitations in regard to a note under seal and one

without a seal is not the same. Civil Code, §§ 3765, 3767. Section 3634 of the Civil Code reads as follows: "A specialty is a contract under seal, and is considered by the law as entered into with more solemnity, and consequently of higher dignity, than ordinary simple contracts." Under the strict commercial law prevailing in some jurisdictions, a note under seal and payable to a named person or order is deemed not negotiable, but in this State it is treated as negotiable. *Farrar* v. *Bank of New York*, 90 *Ga.* 331; *Porter* v. *McCollum*, 15 *Ga.* 528. It is apparent that a note under seal occupies a different position in several respects from one which is not so. Hence it is not to be treated merely as a simple contract, and the seal rejected as surplusage. We think it does fall within the rule announced in *Lenney* v. *Finley*, supra. From what has been said it follows that the plaintiff could not have recovered against the defendant on the note given by the husband of the latter.

3. It is contended, however, that whether the plaintiff can recover on the note or not, she has a cause of action against the defendant aside from the note, under the facts alleged. The case of Farrar *v.* Lee, 10 N. Y. App. Div. 130, was very similar to that now under consideration. It is there said, "That the liability rested entirely upon the bond, in which any preliminary contract was merged; that, as the bond was signed by Tanner [the agent] in his own name, and not as agent for Lee [the principal], it was not competent to transfer by parol evidence, or in any other way, from Tanner to Lee, the obligation which Tanner had assumed personally." In the case of *Lenney* v. *Finley*, supra, it was contended that if the concealed principal was not liable on the contract of lease by reason of its being under seal, nevertheless, having occupied the premises and used them for the purpose of conducting business, she was liable to the plaintiff. This contention was denied by the court. In the case of *Maddox* v. *Wilson*, 91 *Ga.* 39, no opinion was written. The third headnote appears to conflict with the ruling here made. The decision was made by two Justices, and not by a full bench; and was disapproved in *Lenney* v. *Finley*, supra. Under the allegations of the petition the trial court committed no error in sustaining the demurrer.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*