## BURKHALTER *v.* PERRY & BROWN.

1. If an agent sign a note with his name alone, and there is nothing on the face of the note to show he was acting as agent, he will be personally liable thereon.
2. If an agent make a note in his own name, and add to his signature the word "agent," and there is nothing on the note to indicate who is the principal, the word "agent" will be treated as descriptio personæ, and he will be liable just as if the word "agent" was not added.
3. As a general rule, where a negotiable instrument is executed by an agent, with no indication on the face of the instrument who the principal is, the principal will not be liable thereon, although the agent, in executing the instrument, add the word "agent" to his signature.
4. The general rule stated in the preceding note is subject to this qualification: In a suit by the payee against the principal of the agent who signed the note with the addition of the word "agent" to his signature, parol evidence is admissible to show that the instrument was, to the knowledge of the parties, intended to be the obligation of the principal, and not of the agent, and that it was given and accepted as such.
5. A note signed by "B, agent," bears on its face some reference to a principal, and in a suit by the payee against the principal on a note thus signed, where it is alleged in the petition that the agent was duly authorized to sign the note for the principal, that the consideration of the note was goods sold to the principal, and that it was intended to charge the principal by the signature of the agent as agent, a cause of action is set out.
6. The evidence fully sustained the allegations of the petition, and there was no error in refusing a nonsuit or in overruling the motion for a new trial.

Submitted July 18, 1906.—Decided February 14, 1907.

Complaint. Before Judge Crisp. City court of Americus.

Perry & Brown brought suit against Mose Walters, Ed. Walters, and Mrs. Lula H. Burkhalter, alleging that the defendants were indebted to plaintiff in the sum of $182.97 as principal, besides interest and attorney's fees, on a certain promissory note, dated May

3, 1902, and due September 1 after date, for $225, signed by Mose and Ed Walters and D. C. N. Burkhalter, agent, a copy of which is as follows:

"225.00             Americus, Ga., May 3rd, 1902.

On or before the first day of September next, we promise to pay Perry & Brown, or bearer, two hundred and twenty-five dollars, with interest at 8 per cent. per annum from date of maturity, and ten per cent. on the amount for attys.' fees in case of suit; and we hereby severally waive and renounce for ourselves and families any and all homestead and exemption rights we may have under and by virtue of the constitution or laws of the State of Georgia, or the United States, in said property as against this contract. For value received. The consideration of this note is money, supplies, stock and other articles whatever of necessity to aid me in making and gathering my crops for the year 1902.

[Signed]    Mose Walters (L. S.),

O. D. Oliver, N. P. S. C. Ga.        .    Ed Walters (L. S.),

D. C. N. Burkhalter, Agent (L. S.)."

It was further alleged, "that the said D. C. N. Burkhalter, agent, whose signature is attached to said note hereby sued upon, was the agent of Mrs. Lula H. Burkhalter, and has authority to bind her by such agency in the signing of said note; that the consideration of said note sued on was obtained in the prosecution and management" of her business "and within the scope of said agent to make and bind her by." By an amendment offered to meet a demurrer of the defendant Mrs. Burkhalter, it was averred that the note was given "on the date aforesaid and signed by the said parties aforesaid to cover a running account with plaintiffs, which account was to enable the tenants of Mrs. Lula H. Burkhalter to make a crop on her farm in Sumter county for the year 1902, and that said goods were sold solely on the strength of the credit of said Mrs. Lula H. Burkhalter, and credit was extended only to her; that D. C. N. Burkhalter was her agent, and had authority in writing to bind her for said purpose, and had had since the year 1889, . . . and bought said goods for said purpose in said manner, and at the time and prior thereto he had full authority and power from his wife to purchase supplies for her estate, to manage the same, to borrow money on her account, and execute notes for the same," and that he, "as agent for his said wife,

was in the habit of expressing his agency for his said wife, as was done in signing the note sued on, by simply adding 'agent' after his name, and in this way universally expressed his representative character; and the petitioner in this way always acknowledged him in said representative character, and did so in this instance." It is also set out that credit was extended to Mrs. Burkhalter "by and through her agent, D. C. N. Burkhalter, and that he had been running his wife's said farm for a number of years past in this manner, and petitioners furnished·said hands as aforesaid, solely on the faith and credit of Mrs. Lula H. Burkhalter, knowing and realizing that the said D. C. N. Burkhalter had authority to bind her for such matters, and that he was her agent with this special authority to bind her, both on open account and by note." An itemized statement of the account was set out, headed "Mose & Ed. Walters & D. C. N. Burkhalter, agt. for his wife, Mrs. L. H. Burkhalter, bought of Perry & Brown." Certain other items of indebtedness for the year 1902 were also set out, which had been paid, and the prayer was "for judgment for the balance in the sum shown to be due and  .  .  .  for judgment on said note sued on." This amendment was allowed, over the objection of the defendant Mrs. Burkhalter, that it set up a new cause of action; and she renewed her demurrer to the petition as amended, on the grounds that the note sued on was not her obligation, but the individual undertaking of D. C. N. Burkhalter, and that the terms of the note could not be varied by parol evidence, to establish her liability. To the allowance of the amendment and the overruling of the demurrers, she filed exceptions pendente lite. Mrs. Burkhalter filed a plea of non est factum, and also denied the indebtedness and her husband's agency, and by amendment set up that she was a married woman when the paper was executed and could not become a surety. The plaintiffs introduced evidence to sustain the allegations in the petition. At the conclusion of the plaintiffs' evidence, Mrs. Burkhalter moved for a nonsuit, which motion was overruled; and no evidence being offered by the defendants, the judge directed a verdict for the plaintiffs. Mrs. Burkhalter filed her motion for a new trial, complaining of the refusal to nonsuit the plaintiffs, and of the direction of a verdict against the defendants. The bill of exceptions assigns error upon the overruling of the motion for a new trial, and also upon the pendente lite exceptions

to the allowance of the amendment and the overruling of her demurrers.

*Shipp & Sheppard,* for plaintiff in error.

*J. A. Hixon,* contra.

EVANS, J. (After stating the facts.) The note which is the basis of the plaintiffs' suit is not a contract under seal. While after each signature there is the device "(L.S.)," still there is no recital in the face of the instrument that it is to be under seal. In order to render a promissory note a sealed instrument, it must be so recited in the body of the note; the mere addition of a seal, or a device "(L.S.)," after the signature of the maker is insufficient. *Jackson* v. *Augusta Sou. R. Co.,* 125 *Ga.* 801. For the present we will not stop to inquire whether the instrument sued on loses its otherwise negotiable character on account of the recital therein that its consideration is for supplies to be furnished in futuro. Indeed, under the view that we take of this case, it is unnecessary to determine whether the instrument is a negotiable promissory note, or merely a simple contract to pay money.

The general rule of law is that if an agent sign a note with his own name alone, and there is nothing on the face of the note to show that he is acting as agent, he will be personally liable on the note, and the principal will not be liable. If an agent make a note in his own name, and add to his signature the word "agent," and there is nothing in the note to indicate who is the principal, the agent will be personally liable, just as if the word "agent" was not added. *Graham* v. *Campbell,* 56 *Ga.* 262. If the suit had been against D. C. N. Burkhalter, he would not have been permitted to shift his responsibility by showing that the note was not in fact his own note, but that of the principal. The addition of the word "agent" was simply descriptio personæ, and the note would be his individual obligation. Another and entirely different question is presented when the suit is against the principal and the declaration contains appropriate allegations that the note sued on was the note of the principal, signed by his duly constituted agent, with intent thereby to charge the principal. See *Crusselle* v. *Chastain,* 76 *Ga.* 840. Where it appears from the face of the paper that the credit is not given to the agent, and the name of the principal is disclosed at the time of the transaction, though not stated in the paper, and the act is within the powers of the agent,

the principal is bound. It matters not whether the agent may also be bound, for there are cases where both principal and agent may be bound. *Merchants' Bank* v. *Central Bank,* 1 *Ga.* 429. The rule seems to be general, that under appropriate pleading, where a contract in writing not under seal, and other than a negotiable instrument, is made in another name than that of the real principal, the real principal can sue and be sued. Beckham *v.* Drake, 11 Mees. & Wel. 315.. It may possibly require some subtlety and refinement of reasoning to take this principle out of the operation of the rule that a written instrument can not be added to, varied, or explained by parol. However, the distinction is firmly established in our jurisprudence, and is in the interest of fair dealing, that the real party to the contract, though his name may not appear therein, in the adjustment of disputes arising out of that contract between the contracting parties, should be allowed both to sue and be sued. Metcalf *v.* Williams, 104 U. S. 93, 96. This is especially true where the word "agent," "trustee," or "general manager," appears after the signature of a party to the contract. "A contract signed by a person who adds after his signature the words 'general manager,' is not the individual undertaking of the person signing, if  .  .  .  in a suit for its breach, this fact appears by extrinsic evidence." *Raleigh R. Co.* v. *Pullman Co.,* 122 *Ga.* 700.

A well-recognized exception to the general rule stated springs from the law merchant. Where a negotiable instrument is executed by an agent without sufficiently indicating on its face who the principal is, parol evidence can not be introduced to charge the principal, although he executed the instrument as agent and added the word "agent" to his signature. This exception to the rule is based upon the reason that "each party who takes a negotiable instrument makes his contract with the parties who appear on its face to be bound for its payment. It is a 'courier without luggage,' whose countenance is its passport; and in suits upon negotiable instruments, no evidence is admissible to charge any person as a principal thereto, unless his name in some way is disclosed upon the instrument itself." 1 Clark & Skyles on Agency, §328a; 1 Daniel Neg. Inst. §303. But this exception in favor of negotiable instruments itself contains an exception; and that is, as between the immediate parties to a bill or note, it may be shown

by parol that the instrument was, to the knowledge of the parties, intended to be the obligation of the principal, and not of the agent, and that it was given and accepted as such. Metcalf v. Williams, supra; Mechem on Agency §443.    The reasoning in *Bedell* v. *Scarlett, 75 Ga. 56,* at first blush, would seem to militate with this view.    In that case the plaintiff sued Bedell as maker of a bill of exchange signed "J. K. Bedell, Ag't." The maker pleaded that the draft was given in payment for timber purchased by the maker as the agent of the drawees, and that he had no interest in the timber; and that these facts were well known to the plaintiff when he purchased the draft.    The question before the court was whether the facts alleged in this special defense were sufficient to discharge the actual signer (the agent) from liability.    Parol evidence to sustain this plea was excluded by the trial judge, and on a review of the case this court affirmed that ruling.    The agent could not shift his liability to his principal by proving these facts, according to the rule stated in *Graham* v. *Campbell,* supra. This decision must be interpreted in the light of the question before the court.    The distinction between that case and the one at hand is that in the former the suit was against the maker who signed his name as "agent," and who was trying to evade liability by an attempt to show that the contract was not his, but that of his principal; while in the present case the principal is sought to be made liable on her contract, entered into by her duly authorized agent.    We stated in the beginning that it was unnecessary to decide whether the note sued on was a negotiable instrument, or a plain contract in writing.    The present controversy is between the original parties to the instrument, and clearly comes within the exception to the rule above stated as applicable to negotiable instruments.

The pleader in the original suit declared on the note as being the contract of Mrs. Burkhalter, alleging that it was executed by her because it was signed by her husband as her agent, intending thereby to make her alone responsible.    The amendment amplified the allegations of the petition respecting her liability, and did not introduce a new cause of action.    We think that the petition as amended contained a cause of action against Mrs. Burkhalter, and upon proof thereof that she would be liable on the note

signed by her husband as "agent." Moore v. McClure, 8 Hun, 557.

It may be contended that even if a principal may be liable on a note signed by the agent, with the word "agent" after his signature, with proper allegations that the contract thus signed was the contract of the principal, and that the signature in this manner was intended by both parties to be the signature of the principal, the rule would be inapplicable where there were other persons jointly bound on the same note, who are sued as joint obligors. Unquestionably the joint obligors might object to an amendment of this character. They have a right to rely on the legal import and effect of the instrument as signed by them. Relatively to them, the addition of the word "agent" to the signature of Burkhalter was mere descriptio personæ, and they could insist that they had the right to hold him liable to contribution in the event they paid the debt, and that the plaintiff could not substitute another as being jointly liable with them under the contract, over their protest. This objection, however, is personal to the joint obligors. It is no concern of Mrs. Burkhalter. She is not hurt by treating the contract as hers, simply because other persons may be jointly liable with her thereon. The fact that there may be others from whom she might demand contribution is to her advantage, and not to her detriment.

The evidence submitted by the plaintiffs fully sustained the allegations of their petition. Mrs. Burkhalter's liability was shown to be primary, and not as security. As she offered no testimony, and there was no conflict in the evidence submitted by the plaintiffs, there was no error in directing a verdict for the plaintiffs.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*