COALING COAL & COKE COMPANY *v.* HOWARD *et al.*

1. The action in this case is not upon the notes, but upon the original consideration for the purchase-price of the property sold.
2. Where a corporation owning realty sells it through A, its president, to B, and notes for the purchase-money are signed "B, Trustee," which are payable to "A, President," and the latter, in the name and behalf of the corporation, makes a deed to the property to "B, Trustee," who, without the knowledge of the corporation, makes the purchase for himself and others, and the possession, use, and benefit of the property goes to

those for whom he thus purchases, *held:* The notes not being under seal, though negotiable, the corporation may maintain a suit outside of the notes on the original consideration for the purchase-price against B and the undisclosed principals for whom he acted in making the purchase.

Argued November 20, 1907.—Decided July 15, 1908.

Complaint.    Before Judge Pendleton.    Fulton superior court. April 11, 1907.

The plaintiff brought an action, in Fulton superior court, against R. E. Watson, George P. Howard, and others; the petition as amended alleging, in substance, as follows:   On June 20, 1901, the plaintiff, a corporation, through its president, D. .C. Lyle, sold to R. E. Watson, acting as agent and trustee for himself and the other defendants, certain described lands in Alabama, for a consideration of $20,000, and on the same date Lyle, president, in the name and behalf of the plaintiff, conveyed the property by warranty deed, in the usual form, to R. E. Watson, trustee.   Watson took the deed in his own name as trustee, by previous agreement between the defendants, receiving title as trustee for the use and benefit of all of the defendants; and such title by operation of law inured to their benefit and they became liable in law to pay the purchase-price.   Watson, acting as agent and trustee, paid $5,000, which was money of the defendants put in his hands, on the purchase-price, and gave two promissory notes for $7,500 each, bearing interest at 7% per annum, and containing a covenant to pay 10% attorney's fees if not paid at maturity.   The notes were signed by "R. E. Watson, Trustee," and payable to "D. C. Lyle, President."   Lyle was the president of the plaintiff company, and the notes were payable to him in its behalf.   At the time of making and signing the notes, the plaintiff did not know that Watson was acting as .agent for the defendants, but the defendants were the undisclosed principals of Watson.   The property was purchased by the defendants through Watson as their agent, and they took and enjoyed it as their own.   Neither the notes, nor the purchase-price of the property have been paid, and there is now due upon the contract by the defendants a named balance of principal and interest. The notes were signed in the name of Watson, trustee, by said Watson, by the agreement and authority of all of the defendants; and it was understood and agreed between them that the notes represented an indebtedness of all of them, and that they would all

join in paying them. Copies of the notes (which were negotiable) were attached as an exhibit to the petition, were dated at Birmingham, Alabama, and made payable at a bank in that city.

On the hearing below, the plaintiff tendered an amendment alleging, that before and at the time of the sale mentioned in the petition the property described therein belonged to the plaintiff; that the purchase-price thereof was its right and property; that the $5,000 was paid to the plaintiff, and the balance of the purchase-price was due and owing to it; that the notes were taken by its president for its account, were in its custody, and it was ready and able to surrender them to the defendants. This amendment the court refused to allow. The defendant George P. Howard interposed a demurrer to the petition, which the court below sustained on the general ground that no cause of action was stated against George P. Howard, and dismissed the petition as to him; to which action of the court, and to its order disallowing the amendment offered, the plaintiff filed its exceptions.

*Culberson & Johnson,* for plaintiff.

*Smith, Hammond & Smith* and *Evins & Spence,* for defendants.

HOLDEN, J. (After stating the facts.) 1. The first question to be determined in this case is whether or not this is a suit upon the notes, or a suit outside of the notes on the original consideration for the purchase-price of the land. The notes provided for attorney's fees, and the original petition stated that the defendants were indebted to the plaintiff for attorney's fees. This allegation and some others in the original petition were stricken by the amendment allowed by the court, and it does not appear that any objections were offered to the allowance of this amendment, or that any exceptions were taken thereto. The petition will have to be construed just as if it had been originally filed in the exact language in which it appears after amendment, as an amendment relates back to the filing of a suit. The petition sets forth the details of the contract, and in doing so the deeds and notes are described and copies of the notes are attached to the petition; but it is alleged that a copy of the deed is not attached, because defendants have the deed and plaintiff has no copy of it; but the petition nowhere states that the defendants are due the plaintiff anything upon the notes, and there is no prayer for a recovery upon the notes. The petition states that the defendants are liable to the plaintiff upon

the said contract, and that neither the said Watson nor any one of the defendants has paid said notes, or the purchase-price of said property, and that the defendants became and are liable in law to pay the purchase-price. The petition sets forth àn action for the purchase-price of the property outside of the notes, and is not a suit on the notes.

2. None of the defendants except Watson are concerned with the surrender and cancellation of the notes. As they are negotiable notes, and as Watson is the only one who signed them, Watson is the only one who could be sued upon them. But as to Watson it would not be necessary to surrender them before the trial, it being sufficient for the plaintiff to have the notes at the trial for surrender and cancellation. *Jackson* v. *Brown,* 102 *Ga.* 87 (29 S. E. 149, 66 Am. St. R. 156); *Belmönt Farm* v. *Dobbs Hardware Co.,* 124 *Ga.* 827 (53 S. E. 312); 8 Cyc. 24. The plaintiff avers, in the amendment which was disallowed, that it has the notes and is ready and able to surrender and cancel them.

The plaintiff could maintain the suit in its name, as it alleged that it owned the property and its president, Lyle, acted for it in making the contract, and the purchase-price under the contract is due to the plaintiff. *Atlanta & W. P. R. Co.* v. *Texas Grate Co.,* 81 *Ga.* 602 (9 S. E. 600).

According to the allegations of the petition, the plaintiff, a corporation, owned a tract of land in Alabama. Its president, acting for it, sold the land for $20,000 to R. E. Watson, acting for and in behalf of himself and the other defendants, who became the owners and obtained the possession, use, and benefit of the property under their purchase thus made. $5,000 was paid to Lyle by Watson on the purchase-price, which amount was furnished by the defendant for the purpose of being so paid. Notes were taken for the balance of the purchase-money, signed by Watson, trustee, and payable to Lyle, president. These notes were dated at Birmingham, Alabama, and payable at a bank in that city. A deed was made in Georgia, in the usual form, by Lyle as president to Watson as trustee. Lyle was acting for and in behalf of the plaintiff in the transaction, and Watson was acting for and in behalf of himself and the other defendants, but it was not known to the plaintiff at the time of the transaction that Watson was acting as agent for and in behalf of the defendants. Can this suit on the original consideration out-

side of the notes for the purchase-price of the property be maintained against the defendants? The word "president" after Lyle's name, and the word "trustee" after Watson's name, in the notes, are merely descriptio personæ; and there being nothing on the face of the papers to indicate who was to be charged as principal, these notes will have to be treated in the same manner as if such descriptive words were not used, and such notes will, prima facie, have to be considered as expressing an individual transaction between Lyle and Watson. The notes are negotiable instruments, and a suit could not be maintained *on them* against undisclosed principals. It was generally true, at common law, that a suit could be maintained against undisclosed principals on a written contract, but there were exceptions to this rule, among which were that undisclosed principals could not be held liable in a suit upon negotiable instruments, nor upon instruments under seal, and this is now the law as ruled by this and other courts, and announced by many text-writers. *Lenney* v. *Finley,* 118 *Ga.* 718 (45 S. E. 593) ; *Van Dyke* v. *Van Dyke,* 123 *Ga.* 686 (51 S. E. 582) ; *Burkhalter* v. *Perry,* 127 *Ga.* 438 (56 S. E. 631, 119 Am. St. R. 343). 1 Clark & Skyles on Law of Agency, §§459, 464, 327; 1 Dan. Neg. Inst. §303. This is also true where the words "as agent," or "as trustee," occur after the signature of the maker of the negotiable instrument, without disclosing the name of the principal, or without sufficiently indicating on the face of the instrument who the principal is. 1 Clark & Skyles on Law of Agency, §§328, 275, 276; 2 Page on Contracts, §761; Tiffany on Agency, p. 245.

It is true, according to the weight of authority, that a suit can not be maintained on the original consideration where at the time of the making of the contract the parties entered into a contract under seal, because the *simple* contract was merged into the *higher contract under seal.* This has also been held to be the law by decisions of this court in the cases of *Lenney* v. *Finley* and *Van Dyke* v. *Van Dyke,* cited supra. In the former case there was a lease contract under seal, and it was held that no suit could be maintained outside of the contract against an undisclosed principal for use and occupation. In the latter case it was held that a note under seal could not be disregarded and an undisclosed principal held liable for the money loaned. Suit can be maintained on the original transaction, outside of the written instrument, where

the instrument is not under seal. 8 Cyc. 24 (note or bill taken) ; *Burch* v. *Harrell,* 93 *Ga.* 719; *Tumlin* v. *Bass Furnace Co.,* 93 *Ga.* 594; *Southern Printers' Supply Co.* v. *Felker,* 125 *Ga.* 148 (54 S. E. 193) ; *Wylly* v. *Collins,* 9 *Ga.* 223; 2 Page on Contracts, §789, pp. 1203-1205. Where a negotiable note is given, an undisclosed principal can not be held liable .on the note, but such undisclosed principal can be held liable in a suit op the original consideration or debt. 2 Page on Contracts, §761, pp. 1149, 1150; Harper *v.* Tiffin Nat. Bank (Ohio), 44 N. E. 97. The reason an undisclosed principal can not be held liable in a suit upon a contract under seal, or a negotiable instrument, is, not because of the parol-evidence rule, but because of the nature of these instruments. One simple contract does not merge or liquidate another simple contract. *Wylly* v. *Collins,* 9 *Ga.* 223. A negotiable note not under seal is a simple contract. If the defendants were really the undisclosed principals of Watson in buying the land, and no note had been given, there would be no doubt as to the right of the plaintiff to hold the undisclosed principals liable for the purchase-price in a suit on account therefor. The taking of a *simple* contract in writing did not extinguish this right. The fact that the simple contract for the purchase-money in writing was a negotiable promissory note can not alter the principle. There is no suit on the notes. If the principals themselves had given the notes, this would not liquidate the unsettled account for the purchase-price, and the principals would have had the right to sue on the original consideration and recover the purchase-price. If taking the note of the principals themselves would not have destroyed the right of the plaintiff to sue upon the original consideration, how could the taking of the note of their agent, or that of any other person, have this effect? What has been said does not conflict with the principle that when a note, or bill of exchange, or other writing is taken for a debt from the party owing it, or their agents, or from any other person, and there is an understanding that it is accepted as payment, such understanding and agreement is binding on the party accepting such writing and will be·enforced by the courts.

In deciding this case, we have had in mind the rule that the lex loci controls as to the validity, form, force; and effect of a contract, in the absence of stipulations in the contract indicating a contrary intention of the parties, and that the lex fori governs as to

the remedies by which it is enforced; and the further rule that where no special statute of another State is pleaded, it will be presumed that the common law there prevails.

The major portion of the amendment which the court refused to allow the plaintiff to make consisted of allegations which were substantially embodied in the petition as it stood upon the hearing; however, the statement in this amendment that the plaintiff had the custody of the notes and was ready and able to surrender and cancel them was a proper averment in view of the fact that Watson, who signed the notes, was one of the defendants against whom it was sought to recover upon the original consideration, and on this account the court should have allowed the amendment.

The court committed error in refusing the amendment, and in sustaining the demurrer of the defendant Howard and dismissing the petition as to him; and its judgment is

*Reversed. All the Justices concur, except Evans, P. J., and Lumpkin, J., dissenting.*

LUMPKIN, J. The case before us presents an effort to change a suit on notes into a suit on a contract out of which the notes arose. This can not be done either by one amendment or two. Amending "on the installment plan" is no more proper for that purpose than a single sweeping amendment. See *Norris* v. *Pollard,* 75 *Ga.* 358 (5); *Head* v. *Marietta Guano Co.,* 124 *Ga.* 983 (5), (53 S. E. 676).

As originally brought, it can hardly be doubted that the suit was on the notes. It showed that Watson, "acting as agent and trustee" for the defendants, bought land, paid some cash, and gave notes for the balance of the purchase-money, bearing seven per cent. interest, he signing them as trustee; that at the time the plaintiff did not know that Watson was acting as agent for defendants, but has since discovered the undisclosed principals; and that there was due a specified amount as principal, interest, and attorney's fees, "upon the obligation before stated to pay ten per cent. as attorney's fees in case of default in the payment of said notes." No other obligation to pay attorney's fees appears except that contained in the notes, and the claim thus set up was necessarily a suit on the notes. *Wood* v. *Martin,* 115 *Ga.* 147 (41 S. E. 490). Thus, then, the suit as originally brought was on the notes. By amendment, certain allegations were added and parts

of the petition were stricken, including the claim for attorney's fees, but this did not change a suit on the notes into a suit on something else. At the time of the last hearing, the petition as amended still contained the allegation that neither Watson nor any of the other defendants had paid said notes or the purchase-price of said property; and that "said notes were signed in the name of R. E. Watson, trustee, by said Watson by and with the agreement and authority of all of said defendants, and it was then and there understood and agreed between them [evidently meaning between defendants, as it was alleged that the plaintiff did not know that Watson was acting for them] that said notes represented indebtedness of all of them and that all would join in paying them." Copies of the notes were attached, showing that they were payable to order; and they contained no reference to any other person as debtor except Watson, but were signed "R. E. Watson, trustee." The amendment rejected alleged that the plaintiff stood ready to surrender the notes to defendants, and that the balance due on the purchase-price of the land was due and owing to the plaintiff. This was an attempt to change the suit from one on the notes to one on the contract behind the notes, surrendering them. It was properly rejected. As a suit on the notes, the action was demurrable. Where a negotiable promissory note contains no intimation of any other person as liable except the maker, a recovery can not be had in a suit based on such note against another as an undisclosed principal. The mere addition of the word "agent" or "trustee" will not ordinarily be sufficient to change the rule. The exception stated in *Burkhalter* v. *Perry & Brown,* 127 *Ga.* 438 (56 S. E. 631, 119 Am. St. R. 343), does not include this case, but it falls within the general rule there stated and supported by authorities. The allegations in regard to the original contract are rather in the nature of matter of inducement, leading up to the effort to obtain judgment on the notes. This renders it unnecessary to discuss any question of liability on the original contract of purchase.

I am authorized to state that Presiding Justice Evans concurs in the views herein set forth.