## HARP *v.* FIRST NATIONAL BANK OF REYNOLDS.

HINES, J.  1. If an agent sign a note with his own name alone and add to his signature the word "agent," and if there be nothing in the note to indicate who is the principal, the agent will be personally liable just as if the word agent was not added. *Graham* v. *Campbell*, 56 *Ga.* 258; *Burkhalter* v. *Perry*, 127 *Ga.* 438 (56 S. E. 631, 119 Am. St. R. 343).

2. When a contract is made by an agent under seal, no one but a party to the instrument is liable to be sued thereon; and therefore, if made by an agent or attorney, it must be in the name of the principal, in order that he may be a party, because otherwise he is not bound by it. The contract must purport upon its face to be the contract of the principal, and his name must be signed to it. *Merchants Bank* v. *Central Bank*, 1 *Ga.* 418 (44 Am. D. 665); *Graham* v. *Campbell*, supra; *Coaling Coal &c. Co.* v. *Howard*, 130 *Ga.* 807, 812 (61 S. E. 987, 21 L. R. A. (N. S.) 1051). "The rule that an undisclosed principal shall stand liable for the contract of his agent does not apply when the contract is under seal." *Lenney* v. *Finley*, 118 *Ga.* 718 (45 S. E. 593); *Van Dyke* v. *Van Dyke*, 123 *Ga.* 686 (51 S. E. 582, 3 Ann. Cas. 978). These principles apply to instruments which were not specialties at common law. *Van Dyke* v. *Van Dyke*, supra.

3. Where in the body or on the face of the instrument the agency is distinctly specified and the principal indicated, and the contract is substantially in the name of such principal, the latter, and not the agent, will be regarded as the maker of the instrument. *Tiller* v. *Spradley*, 39 *Ga.* 35; *Rawlings* v. *Robson*, 70 *Ga.* 595; *Martin* v. *Lamb*, 77 *Ga.* 252 (3 S. E. 10); *Bank of the University* v. *Hamilton*, 78 *Ga.* 312; *McRitchie* v. *Atlanta Trust Co.*, 170 *Ga.* 296 (3) (152 S. E. 834). A promissory note which recited in the body that it was "Given under the name and seal of each party," and was signed by "H. E. Saylor, agt. for Mrs. H. E. Saylor (L. S.)," was the contract of Mrs. H. E. Saylor, upon which she was liable as principal and on which she could be sued as such.

4. The petition sets forth a cause of action.

5. The demurrer to paragraph 6 of the petition is speaking in its nature; and for this reason it will not be considered.
6. Other grounds of demurrer are without merit.
7. Applying the rulings stated above, the judge did not err in overruling the demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

No. 8396. NOVEMBER 12, 1931.

*Jere M. Moore* and *John B. Guerry,* for plaintiff in error.
*C. W. Foy,* contra.