## 9840.　SHAPLEIGH HARDWARE CO. v. McCOY & SON.

One who tacitly permits himself to be held out to the public as a partner, though he in fact has no interest in the partnership, will be estopped from denying his connection with the firm, and will be bound, where the opposite party was misled by the putative status and acted thereon. Civil Code (1910), § 3157; *Bowie* v. *Maddox,* 29 *Ga.* 285 (74 Am. D. 61); *American Cotton College* v. *Newspaper Union,* 138 *Ga.* 147 (4) (74 S. E. 1084); *Mims* v. *Brook,* 3 *Ga. App.* 247 (59 S. E. 711); *Meinhard* v. *Bedingfield Co.,* 4 *Ga. App.* 176 (61 S. E. 34). Thus, where a person knows that his name is being used as that of a member of a firm, and that he is being held out as a partner in a particular business, he is

not only under the duty to prohibit such use, but it is also incumbent upon him to take such steps as an ordinarily prudent person would take in the circumstances to notify the public, as well as individuals to whom he knows that he has been so held out as a partner, that he is not a. partner. 30 Cyc. 393, 394.

DECIDED JANUARY 15, 1919.

Complaint; from city court of Millen—Judge Dekle. April 20, 1918.

*William Woodrum,* for plaintiff.

*James A. Dixon,* for defendants.

JENKINS, J. Suit on account for goods furnished was brought against McCoy & Son, as a partnership composed of R. L. McCoy and B. L. McCoy. B. L. McCoy filed no answer. R. L. McCoy filed an answer wherein he denied indebtedness, and set up that there was no such partnership. On the trial of the case the jury returned a verdict against B. L. McCoy, and in favor of R. L. McCoy. The plaintiff made a motion for new trial on the usual general grounds only, which was overruled, and exception was taken.

While the evidence adduced upon the trial of the case was sufficient to authorize a finding that the defendant R. L. McCoy had no interest in the partnership, he admitted and testified that he learned in January, 1916, that his son, B. L. McCoy, was using his name and holding him out as a member of the firm of McCoy & Son, and that he burned all the bill-heads he could find with the name of McCoy & Son on them, and instructed his son not to use his name. He further testified, however: "I never made any effort to publish in any newspaper that I was not a member of that firm. I never made any effort to find out who were the creditors of the firm. . . I never made any effort to notify any one." The traveling salesman of the plaintiff testified: "Before I sold these goods to McCoy & Son, I saw a sign on the front of their place, there, McCoy & Son. . . I have never received any notice that R. L. McCoy was not a partner. I never did receive any written notice of a dissolution of the firm of McCoy & Son. I sold the goods upon the faith of R. L. McCoy being a partner. . . As soon as I saw this dissolution notice in the paper, I wired the company—we had a shipment ready for them then—I wired the company to hold shipment back; they did and paid the freight back on it to St. Louis." This testimony in behalf of the plaintiff was undisputed. The evidence does show that the following notice was published in the official organ of the

county by the defendant, B. L. McCoy: "Dissolution notice. Notice is hereby given that the firm of McCoy & Son, heretofore engaged in the business of General Automobile Service Station and Electrical Supplies and Wiring, in the City of Millen, State of Georgia, is this day dissolved by mutual consent, R. L. McCoy retiring therefrom. The business will be conducted in the same place as the Ford Service Station, with B. L. McCoy, Manager, who will settle all firm liabilities and receipt for all debts due the firm. This the first day of June, 1916. (Signed) R. L. McCoy, B. L. McCoy." The notice thus published is dated June 1, 1916, but the evidence shows that the goods furnished to defendants, for the purchase-price of which the present suit was instituted, were furnished during the months of March, April, and May, 1916.

Applying to these facts the principle of law stated in the head-note, we think the evidence demanded a finding in favor of the plaintiff against the defendant R. L. McCoy, and that the court therefore erred in overruling the motion for a new trial.

*Judgment reversed.* *Wade; C. J., and Luke, J., concur.*