11271. · CANNON *v.* ATLANTA WAREHOUSE COMPANY.

STEPHENS, J. 1. Where a warehouseman, who has cotton on storage for the purpose of selling it for the owner, communicates to the owner an offer which the warehouseman has received from a prospective buyer to buy the cotton, and the owner accepts the offer and authorizes the warehouseman to make the sale, there arises a contract between the owner and the warehouseman authorizing the warehouseman to sell the cotton upon the terms of the offer, and a sale by the warehouseman at a less price constitutes a breach of this contract, and the warehouseman is liable to the owner for the difference.

2. Where such a warehouseman was authorized by the owner by telegraph to sell the cotton " for best basis obtainable," and the warehouseman replied by telegraph that there was no market that day, but that he would " sell cotton best advantage to-morrow," but on the morrow, without acting upon such instruction, the warehouseman communicated to the owner, " subject to immediate reply," a special offer which he had received for the sale of the cotton, the warehouseman thereby waived the right, if he had any, to sell the cotton under the authority which he had received the day before. Moreover, the instruction from the owner to the warehouseman to sell the cotton " for best basis obtainable," being by telegraph and containing authority to sell a commodity which, as is well known, fluctuates from day to day and from hour to hour, is to be construed as authority for an immediate sale only, and not for a sale upon the day following.

3. Where the warehouseman communicates with the owner by telegraph and informs the latter of an offer which the warehouseman has received for the cotton, " f. o. b. Atlanta," and the owner replies that the offer is accepted "'f.o.b., Alma," the warehouseman has authority to sell the cotton " f. o. b. Alma," and not " f. o. b. Atlanta," and where he sells the cotton " f. o. b. Atlanta," which is at a lesser price than " f.o.b. Alma," the owner may sue for a breach of contract to recover the difference. This is true notwithstanding the fact that the telegraph company, in transmitting the telegram from the warehouseman to the owner, erroneously caused it to read " f.o.b. Alma " and the owner understood that he was accepting in its entirety the offer communicated to him by the warehouseman.

Judgment reversed. *Jenkins, P. J., concurs. Smith, J., dissents.*

DECIDED MAY 12, 1920. REHEARING DENIED MAY 21, 1920.

Complaint; from Fulton superior court—Judge Bell. November 17, 1919.

Application for certiorari was denied by the Supreme Court.

By agreement of counsel this case was tried by the judge without a jury upon the following agreed statement of facts: " On February 12, 1918, the plaintiff, trading under the trade name of Alma Cotton Company, had on storage with the defendant, the

Atlanta Warehouse Company, in Atlanta, Georgia, 152 bales of cotton, which had been shipped from Alma by petitioner to defendant, to hold as warehouse cotton for the petitioner's account and subject to his further orders, the warehouse company acting as agent and for a commission. On February 12th, 1918, the plaintiff sent to the defendant the following telegram: 'Sell Cannon & Company and Alma Cotton Company cotton for best basis obtainable.' (Signed) R. B. Cannon. In reply to that telegram the defendant telegraphed the plaintiff as follows: 'No market to-day. Will sell cotton best advantage to-morrow.' (Signed) Atlanta Warehouse Company. The defendant also on February 12, 1918, wrote the plaintiff as follows: 'We have your telegram to-day to sell cotton of Cannon & Company and Alma Cotton Company at best price obtainable, to which we replied there was no market, on account of legal holiday, and that we would sell to the best advantage to-morrow.' On February 13 the defendant was offered for the cotton stored with it 30-5/8 cents per pound f.o.b. Atlanta, which was the prevailing market price in Atlanta on that day and the best price it was offered for said cotton. Thereupon, on said February 13, the defendant wired the plaintiff as follows: 'We are offered 30-5/8 per pound for 126 bales Cannon Cotton Company, and same price for 152 bales Alma Cotton Company f.o.b. Atlanta, subject re-weight and subject immediate reply.' This telegram was sent 'collect,' and was delivered to the plaintiff on the same day, but the telegraph company, in delivering it, made an error and substituted the word 'f.o.b. Alma' for the word 'f.o.b. Atlanta,' as it had read in the original filed with the telegraph company. Upon receiving the telegram with the error in it, Cannon wired the defendant as follows: 'Your wire offering 30-5/8 278 bales f.o.b. Alma, accepted.' The defendant on the same day wrote a letter to the plaintiff as follows: 'We wired you this morning offering 30-5/8 cents round for 126 bales of cotton of Cannon Cotton Company, and the same price for 152 bales of the Alma Cotton Company f. o. b. Atlanta, and now await your reply.' This last letter was received by Cannon on February 14, after he had sent the reply telegram of February 13. The cotton was sold by the defendant at the basis indicated in its telegram, f.o.b. Atlanta, on February 13, and on February 14 the defendant prepared a sale confirmation showing the weights of the cotton and showing

that it was sold at 30-5/8 cents f.o.b. Atlanta warehouse, and these were mailed to plaintiff, and remittance was made to plaintiff of the amount due him on the basis of the sale f.o.b. Atlanta. The difference between the price f.o.b. Atlanta, at which the cotton was sold, and the price f.o.b. Alma, was $306.71, and the plaintiff has sued for the same as shown by his declaration." "It was further agreed upon the stipulation, signed by both parties, that the court, without the intervention of a jury, should pass on all issues of law and fact with the right of either party to except in the usual manner."

The court rendered judgment in favor of the defendant, and the plaintiff excepted, assigning error on the ground that the pleadings and the evidence demanded a verdict for the plaintiff, and that the judgment is against the weight of the evidence and contrary to law and the principles of justice and equity.

*Branch & Howard, Bond Almand,* for plaintiff.

*Candler, Thomson & Hirsch,* for defendant.

SMITH, J., dissenting. I cannot agree with the majority opinion of the court. The defendant was simply the agent of the plaintiff, and the physical possession of the cotton was that of the agent at Atlanta, Georgia, and not at Alma, Georgia. The principal adopted the telegraph company as the means of communication between himself and his agent, the defendant, and this action authorized the agent to constitute the telegraph company as a subagent for the purpose of communication between the principal and agent. The agreed statement of facts shows that the telegram sent by the defendant company to the plaintiff contained the words "f.o.b. Atlanta," and that by mistake the telegraph company transmitted the message "f.o.b. Alma." The mistake was the mistake of the telegraph company. The failure of the defendant to note that the reply telegram read "f.o.b. Alma" was a palpable and patent error, and I cannot say that the agent, who was simply a warehouse company, should be made to suffer for this innocent mistake. The cotton was sold not to the agent, but by the agent to third persons, for the best obtainable price f.o.b. Atlanta. If any right of action existed in behalf of the plaintiff against any one for this mistake in the telegram, it was against the telegraph company and not against the plaintiff's agent in Atlanta. See *Morris* v. *Warlick.*

118 *Ga.* 421 (1) (45 S. E. 407), and *Dodd Grocery Co.* v. *Postal Telegraph Co.,* 112 *Ga.* 685 (37 S. E. 981).

Another reason why I cannot concur with the majority opinion is that the petition itself in paragraph 7 alleges that the defendant became indebted to the plaintiff for said cotton at the rate of thirty and five eighths cents per pound f.o.b. Alma, Georgia. The defendant being the agent of the plaintiff, a fair inference from this allegation would be that the cotton had been sold by the defendant at that price f.o.b. Alma, and that the defendant had failed to account to him for a part of the purchase-price actually received for the cotton. This is more clearly set out in the 8th paragraph of the petition, in which the plaintiff alleges that the cotton weighed 69,383 pounds, and at the price f.o.b. Alma, would have amounted to $21,248.54, but that the defendant had accounted to him for only $20,807.51, leaving a balance due of $441.03, which balance the plaintiff claimed, together with lawful interest. If the defendant in fact had sold the plaintiff's cotton for the larger sum and had failed to account for the difference, this conduct would have amounted to a conversion, and the suit would have been for a tort. The agreed statement of facts does not sustain the petition as to the amount of money received by the defendant for the cotton, nor does it show that it was sold f.o.b. Alma. I am therefore constrained to the conclusion that as a matter of law the mistake in the telegram was so patent (the plaintiff knowing that the cotton was stored in Atlanta) that the defendant was not liable to the plaintiff, for this reason, as well as for the other reasons above given.