16964, 17030.  CITIZENS NATIONAL BANK OF WASHINGTON *v.* JENNINGS; and *vice versa.*

1. Where a partnership has the same name as one of its members, a note signed in that name by that member is, in the absence of anything to the contrary, prima facie his individual undertaking.

(*a*) A note so executed after the dissolution of the partnership is presumptively the undertaking of the person signing it, where nothing else appears except that it was given in renewal of unpaid debts incurred by the partnership prior to its dissolution.

(*b*) "An action is not maintainable against a partnership upon the individual contract of a member thereof."

(*c*) Applying the foregoing rulings to the evidence in this case, a verdict for the plaintiff would not have been authorized.

2. Furthermore, the notes sued on were sealed instruments, and, under the evidence, if the person signing them was acting as agent of the partnership, his principal was undisclosed; and an undisclosed principal can not be held liable on a sealed instrument signed by another.

(*a*) Since a verdict for the plaintiff would not have been authorized, the plaintiff was not harmed by any errors in the charge of the court or in refusals to charge.

(*b*) The court did not err in refusing a new trial.

DECIDED JUNE 18, 1926.

Complaint; from Fulton superior court—Judge E. D. Thomas. October 23, 1925.

*Colley & Colley, M. L. Felts, Watkins & Asbill,* for plaintiff.

---

Agency, 2 C. J. p. 843, n. 82.
Appeal and Error, 4 C. J. p. 1042, n. 34.
Partnership, 30 Cyc. p. 484, n. 69; p. 486, n. 78.

*A. W. White, C. E. Sutton, A. H. S. Weaver,* for defendant.

BELL, J.   Citizens National Bank of Washington, Georgia, the payee, brought suit against L. O. Fortson and A. H. Jennings, as partners, upon two notes bearing this signature: "L. O. Fortson." The petition alleged that L. O. Fortson and A. H. Jennings both signed the notes, and are indebted thereon under the firm name and style of "L. O. Fortson," they having composed the firm of "L. O. Fortson," and "having done business under said name and style, and the notes sued on are evidences of a partnership debt." Jennings alone defended.   The jury trying the case returned a verdict in his favor.   The plaintiff made a motion for a new trial, containing the usual general grounds and a number of special grounds.   The special grounds complained only of alleged errors in the charge of the court and of refusals of requests to charge. The motion was overruled.   The following facts appeared without dispute upon the trial:   A partnership at one time existed between Fortson and Jennings under the name stated.   The partnership was dissolved before the notes now in question were executed. The notes were in renewal of debts incurred by the partnership before its dissolution and which had remained unpaid.   The signature was affixed by L. O. Fortson.   Jennings was not present and had no part in the transaction.   Nothing was said by Fortson at the time, nor before, as to whether he was affixing the signature of the partnership or of himself, nor as to whom he intended to bind. The transaction was solely between him and the bank's cashier (who was also its president), who did not know the partnership, or any other than Fortson, in the transaction.   Fortson did not testify.   Some other issues were developed by the evidence, but, in our view of the case, the above is a full and complete statement of the controlling facts.

1.   The name "L. O. Fortson" imports an individual, and not a partnership.   It is shown, however, to be the name both of an individual and of a partnership.   But the signature of a partnership usually carries with it "by" or "per" and the name or initials of the person affixing it.   One who signs merely his own name to a note is supposedly acting for himself, although it is known that he is a member of a partnership of the same name.   Judged only by their face and the circumstances that they were signed by Fortson, and that he was a member of a partnership having the same name

as himself, the notes sued on would appear to be his personal and individual undertakings, and not the obligations of the partnership. *Buckner* v. *Lee,* 8 *Ga.* 285 (3); *Wood* v. *Martin,* 115 *Ga.* 147 (41 S. E. 490). It appearing, without dispute, that the partnership was dissolved prior to the execution of the notes, presumptively Fortson did not sign them in behalf of the partnership, since he would have had no right or authority to do so. *English* v. *Poole,* 31 *Ga. App.* 582 (4) (121 S. E. 589). After the partnership was dissolved he had no authority, merely by virtue of his prior relation, to bind the partnership or Jennings, even though the notes were in renewal of an indebtedness which the partnership had incurred prior to its dissolution (*Bennett* v. *Watson,* 31 *Ga. App.* 367 (4), 120 S. E. 802); and since prima facie he would not have done that which he ought not to have done, the mere fact that the notes were in renewal of existing debts of the partnership would not, without more, rebut the presumption that they were the individual promises of the person signing them, renewing the debts (for which he was already liable as a partner) as to himself only. Civil Code (1910), § 3188; *Chamberlain* v. *Stone,* 24 *Ga.* 310 (1). With the exception of the insufficient circumstance that the notes were in renewal of old debts of the partnership, there was no evidence as to whether the person signing the notes did so in behalf of the partnership rather than in behalf of himself alone as an individual. The fact that the creditor may have had no sufficient notice of the dissolution of the partnership would not affect the actual right of one of the erstwhile members to contract on behalf of the partnership. Civil Code (1910), §§ 3164, 3188; *MacIntyre* v. *Massey,* 11 *Ga. App.* 458 (75 S. E. 814); *Scott* v. *Atlanta Wood &c. Works,* 12 *Ga. App.* 216 (76 S. E. 1082). It would merely estop the other partner from denying the authority of the person who undertook to bind him. Civil Code (1910), § 3180; *Huggins* v. *Huggins,* 117 *Ga.* 151 (2), 156 (43 S. E. 759); *Shapleigh Hardware Co.* v. *McCoy,* 23 *Ga. App.* 265 (98 S. E. 102). Whether the creditor had notice of the dissolution or not, it could not recover against the partnership without showing that the contracts were made in behalf of the partnership. "An action is not maintainable against a partnership upon the individual contract of a member thereof." *Wood* v. *Martin,* supra; *Floyd* v. *Wallace,* 31 *Ga.* 688 (5). The presumption that the notes were Fortson's in-

dividually never having been overcome, the plaintiff failed to prove that they were partnership contracts. It follows that a verdict for the plaintiff would not have been authorized.

2. But there is an additional reason why the plaintiff was not entitled to recover. The petition alleged that the notes were partnership contracts signed by both partners. See *Buckner* v. *Lee,* 8 *Ga.* 285 (2) ; *Merchants & Farmers Bank* v. *Johnston,* 130 *Ga.* 661 (61 S. E. 543, 17 L. R. A. (N. S.) 969, 14 Ann. Cas. 546). But the evidence showed that they were signed only by the person whose name had been employed as the name of the partnership, not in the presence of the other partner, and that the plaintiff bank did not know the partnership or the other member in the transaction. The notes were under seal. Therefore, if the person signing them was acting as agent for the partnership, the partnership was undisclosed, and an undisclosed principal can not be held liable under a sealed contract signed by another. *Lenney* v. *Finley,* 118 *Ga.* 718 (45 S. E. 593) ; *Pope* v. *Jennings,* 34 *Ga. App.* 496 (130 S. E. 348). Our conclusion on the general grounds of the motion for new trial would probably have been different if the name of the partnership had not been the same as that of the member, and if the notes had purported upon their face to have been made in behalf of the partnership instead of leaving it to extraneous proof as to whether they were intended as partnership or individual contracts. From what has been said, it is unnecessary to deal with the special grounds of the motion. If the judge erred in his charge to the jury, or in refusing the requests to charge, the plaintiff was not hurt. There was no error in refusing a new trial.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. Jenkins, P. J., concurs. Stephens, J., disqualified.*