### 19197. BECKHAM v. DAVIS.

BELL, J. 1. Where a person offers to contract in a name which imports a partnership, representing expressly or impliedly that he is a member of a partnership of that name, and the other party acts upon the representation and is induced to enter into the contract, believing that he is dealing with such a partnership, the party making the representation will be bound as a partner, and, in a suit upon the contract, against the putative partnership, will be estopped to deny the existence of the partnership or his relation thereto as a member. *Mims* v. *Brook*, 3 *Ga. App.* 247 (59 S. E. 711); *Shapleigh Hardware Co.* v. *McCoy*, 23 *Ga. App.* 265 (98 S. E. 102); *Barrow* v. *Georgia Chemical Works*, 34 *Ga. App.* 31 (128 S. E. 14); *Davis* v. *Citizens-Floyd Bank & Trust Co.*, 37 *Ga. App.* 275 (2) (139 S. E. 826). There was some evidence to authorize the application of this principle in the instant case.

2. Where a broker induces another to buy corporate stock, by contracting to resell the stock at a stated price within a reasonable time, and fails to sell the stock as promised, he will be liable in damages to the purchaser for the difference between the price at which he was to resell the stock and its value at the time he should have sold it. *King* v. *Brice*, 145 *Ga.* 65 (3) (88 S. E. 960); *Phosphate Mining Co.* v. *Atlanta Oil & Fertilizer Co.*, 20 *Ga. App.* 660 (4) (93 S. E. 532); *Cannon* v. *Atlanta Warehouse Co.*, 25 *Ga. App.* 350 (103 S. E. 186); Hokanson *v.* Western Empire Land Co., 135 Minn. 74 (155 N. W. 1043, L. R. A. 1917C, 761, and note).

3. But in a suit against the broker to recover damages for a breach of the contract, the burden is upon the plaintiff to prove the damages sustained. In this case the allegation was that the defendant should have sold the stock by June 25, 1925 (compare *New Zealand Fire Ins. Co.* v. *Brewer*, 29 *Ga. App.* 773 (6), 116 S. E. 922). The petition alleged and the jury found that the stock was worthless on that date, the plaintiff recovering a sum equivalent to the entire amount at which the stock was to be resold. The only proof tending to show that the stock was valueless at that or any other time was evidence that the corporation issuing the stock was adjudicated a bankrupt on December 5 of the same year. *Held*, that this evidence was insufficient to establish that the stock was without a market value more than five months previously, when the defendant should have sold it. The verdict in favor of the plaintiff was therefore unauthorized, and the court should have granted a new trial. See, in this connection, *Brandt* v. *Buckley*, 27 *Ga. App.* 515 (109 S. E. 692); 22 C. J. 92.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 11, 1929.

*Dillon, Calhoun & Dillon,* for plaintiff in error.
*Jones, Evins, Moore & Powers, Sutherland & Tuttle,* contra.