24459.  PORTER, receiver, *v.* WOOTTEN *et al.*

DECIDED OCTOBER 3, 1935.

*Earle Norman,* for plaintiff. *C. E. Sutton,* for defendant.

STEPHENS, J. (After stating the foregoing facts.) Every corporation has an independent separate existence. In legal phrase it is a distinct entity. It does not lose its separate existence by reason of intimate relations with other corporations. There are in law certain methods by which corporations may merge or be consolidated. There are several ways in which corporations may be dissolved. But neither dissolution nor merger nor consolidation results from two or more corporations having the same officers in common, or the same board of directors or the same agents. The fact that one corporation owns the entire capital stock of another does not render the two corporations identical. On the contrary they are separate and distinct legal entities. *Exchange Bank* v. *Macon Construction Co.,* 97 *Ga.* 1 (25 S. E. 326). Two corpora-

tions do not become merged into each other merely because the stock in each was owned by the same persons. *Waycross Air-Line R. Co.* v. *Offerman &c. Railroad Co.*, 109 Ga. 827 (35 S. E. 275). In *Savannah Ice Co.* v. *Canal-Louisiana Bank,* 12 Ga. App. 818 (79 S. E. 45), where one company owned all the stock of another, and the directors in both were practically the same, it was claimed that the two corporations were substantially the same; but this court held that they were separate entities. The three corporations being separate and distinct entities, and an act of one in the discharge of its business not being an act of either one of the others, it necessarily follows that the defendants, who executed to the supply company the note sued on, can not set off against the finance company as the transferee of the note, who is the plaintiff by and through the receiver, a debt not due by the finance company but due by one of the other corporations, and which did not arise out of or was not connected in some way with the transaction out of which the debt for which the note was given originated. In the Code of 1933, § 20-1305 (Code of 1910, § 4344) it is provided that "When a negotiable paper is sued on by a holder or indorsee, received under dishonor, no set-off is allowed against the original payee, except such as is in some way connected with the debt sued on, or the transaction out of which it sprung."

The defendant when executing the note, by reason of his being ill and not having access to the necessary source of information, relied upon the representation of the payee's agent as to the correctness of the amounts due by the defendant under the contract for fertilizers, and made the note for the amount stated by the agent as being the correct amount. Therefore, as respects the amount for which the note was given, the execution of the note was the result of fraud, and the defendant has the right to have this corrected. Therefore paragraphs 13 and 21 of the defendants' plea as amended set out a legal defense. The court erred in overruling all the demurrers to the defendants' plea and answer, except the demurrers to paragraphs 13 and 21 as amended. The court having erred in overruling the plaintiff's demurrers to the defendants' plea and answer, the subsequent proceedings, which resulted in a verdict and judgment for the defendants, were nugatory. The judgment overruling all the demurrers is reversed in part and affirmed in part.

*Judgment reversed in part and affirmed in part. Jenkins, P. J., and Sutton, J., concur.*