25869. HOLLINGSWORTH *v.* GEORGIA FRUIT GROWERS INC.

DECIDED MARCH 19, 1937.

*J. W. Culpepper, Hall & Jones, Warren Hardin, Hooper & Hooper,* for plaintiff in error.

*Jule Felton, Jule W. Felton,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) The judgment of the court on the demurrers to the answer may possibly leave in doubt which of the special demurrers were sustained and which of them were not passed on. But there is no doubt that the court sustained the general demurrer and dismissed the entire· answer (excepting the matter of attorney's fees) on January 20, 1936. The question whether it was error to sustain the general demurrer depends on the relation between the plaintiff and the defendant. Under the facts alleged by the defendant, the $6300 was borrowed by him from the credit corporation, and his notes were made payable to this company. His marketing contract, however, was with another company, the Federated Fruit and Vegetable Growers Incorporated, which is called the distributor. The obligations as to procuring insurance, marketing the crop etc., were the obligations of the distributor, and nothing appears to show that the credit corporation participated in or assumed the obligations of the distributor. The bare fact that the credit corporation co-operated with the distributor, by simply lending the money and taking notes for it, can not be so stretched as to make the promises of the distributor binding on it. The allegations with regard to these two corporations having common officers, common directors, common agents, etc., so as to make the acts of one the acts of the other can not be sustained. A similar contention was made in *Porter* v. *Wootten,* 51 *Ga. App.* 834 (181 S. E. 866), and was rejected as unsound. A man may contract with whom he pleases; and if he elects to contract with two corporations (however closely related), for the different services, it is no hardship if he is required to look to each of them for its part only of responsibility. All the matters pleaded by the defendant consist of acts and omissions of the distributor, which was not a party either to the notes or to the suit. It is true that the petition indicated some credits to be applied against the notes, which evidently were allowed in the judgment of the court. While no testimony explaining these credits was introduced, they doubtless

arose from payments made by the distributor to the holder of the notes. This would not alter the matter, since the holder of the notes would be obliged only to credit such amounts as were actually received from the distributor.

Since the plaintiff, Georgia Fruit Growers Incorporated, received the notes after maturity with notice of dishonor, it was subject to any defense which was available against the credit corporation, the payee of the notes. So the questions in the case are determinable as if the suit had been brought by the credit corporation. Counsel for the plaintiff in error except to the refusal of the court to allow the amendment tendered on June 10, 1936, which alleged that all matters set forth in the pleadings grew out of one and the same transaction. Had this amendment been allowed, the answer as thus amended, under the ruling here made, would fail to set out any defense of recoupment or set-off against the plaintiff. The claim for attorney's fees was stricken by the plaintiff, thus leaving no issue in the case; and the court did not err in rendering judgment for the plaintiff for principal and interest. Since it is held that no reason was shown why the credit corporation should be held responsible for the derelictions of the distributor, it is unnecessary to consider in detail any grounds of special demurrer of the particular contents of the marketing contract or of the insurance policy. It may be stated incidentally that the policy in this case is the same as was involved in *Federated Growers Corporation* v. *Vaughn,* 45 *Ga. App.* 17 (163 S. E. 221), where it was construed and held not to be a wagering policy. The court did not err in striking the answer as amended, or in rendering judgment for the plaintiff for principal and interest.

*Judgment affirmed. Sutton, J., concurs. Felton, J., disqualified.*