## HOLLINGSWORTH *v.* GEORGIA FRUIT GROWERS INC.

No. 11869. MARCH 30, 1938. REHEARING DENIED APRIL 1, 1938.

*J. W. Culpepper, Hooper & Hooper, Hall & Jones,* and *Warren Hardin,* for plaintiff in error.

*Jule Felton,* contra.

RUSSELL, C. J. After careful consideration of the decision and judgment of the Court of Appeals, in the light of the record and the assignments of error, this court is of the opinion that the case was correctly decided by that court.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., and Hutcheson, J., who dissent.*

### ON REHEARING.

BELL, Justice, concurring. In view of the difficulty which the court has had in reaching a final decision in this case, and which is so well known to counsel, the writer feels that it is not improper to amplify his own views, which are concurred in by Chief Justice Russell and by Justices Jenkins and Grice, by adding the following to the ruling as given by the majority through the Chief Justice. That ruling, which is adhered to, was the original decision in the case, while the present opinion has been prepared on rehearing. First, a brief statement of the facts, and then some reference to the legal questions involved.

Georgia Fruit Growers Incorporated sued W. B. Hollingsworth upon several promissory notes aggregating $6300. The defendant filed an answer, to which two amendments were allowed. The plaintiff demurred generally and specially to the answer as amended. The court sustained the grounds of general demurrer and the grounds of "special demurrer raising objections to the

legal. sufficiency of separate paragraphs" (cf. *Douglas &c. Ry. Co.* v. *Swindle*, 2 *Ga. App.* 550 (3), 59 S. E. 600), and the defendant excepted pendente lite. The court thereafter disallowed a third amendment offered by the defendant, and rendered final judgment against the defendant for a substantial amount. By bill of exceptions the case was carried to the Court of Appeals, where the judgment was affirmed. On the defendant's petition, certiorari was granted by this court. Georgia Fruit Growers Incorporated held the notes by indorsement from the payee, Federated Growers Credit Corporation. The defendant alleged that the plaintiff acquired the notes after maturity, and thus subject to any defenses existing in the defendant's favor as against the payee. The facts of the case were fully stated by the Court of Appeals; and in lieu of an entire repetition here, reference is made to the statement and decision by that court. *Hollingsworth* v. *Georgia Fruit Growers Incorporated*, 55 ·*Ga. App.* 541 (190 S. E. 802). Since it was alleged in the answer that the plaintiff acquired the notes after maturity, the Court of Appeals correctly held that the case should be determined "as if the suit had been brought by the Credit Corporation" as payee. The notes were executed in 1928. The defendant, being the owner of a peach farm, entered into a contract with Federated Fruit and Vegetable Growers Incorporated, a marketing agency, under the terms of which he employed this company to market all peaches produced by him in the year 1928. The notes sued on are for money advanced to the defendant to aid him in producing the crop of that year; and in his answer he contended, among other things, that the advances were in fact made by the Marketing Corporation, and that the Federated Growers Credit Corporation, named in the notes as payee, was a mere agent of the Marketing Corporation. He claimed that the latter corporation violated its agreement in a number of particulars, with the result that he sustained damages in amounts stated, and for which he asserted a set-off or recoupment against the notes sued on. He also attempted to show that the payee, referred to by him as the finance or credit corporation, and the Marketing Corporation, which he designated as "the distributor," were so interwoven as to constitute but a single corporate entity; and the Court of Appeals appears to have based its decision mainly upon a disagreement with this theory, no reference being made in the deci-

sion to the alleged agency of the payee for the marketing corporation. Since all of the notes and indorsements are in the same form, in the following discussion the case will be treated, for convenience, as if only one note and indorsement were involved.

1. Under the facts alleged, there was no error in holding against the theory of corporate identity. In *Exchange Bank of Macon* v. *Macon Construction Co.*, 97 *Ga.* 1 (25 S. E. 326, 33 L. R. A. 800), it was held: "The fact that one corporation owns the entire capital stock of another does not vest in the former the legal title to the property of the latter, nor render the two corporations identical. On the contrary, they are separate and distinct legal entities." Accordingly, in the instant case, the allegations that the corporations were allied associations, corporations, or partnerships, having overlapping and interlocking officers and directors and controlled by the same interests, were insufficient to show that the several corporations should be treated as one and the same person, and not as "separate and distinct legal entities." See also, in this connection, *Sparks* v. *Dunbar*, 102 *Ga.* 129 (3) (29 S. E. 295); *Waycross &c. R. Co.* v. *Offerman &c. R. Co.*, 109 *Ga.* 827 (35 S. E. 275); *Porter* v. *Wootten*, 51 *Ga. App.* 834 (181 S. E. 866).

2. As stated above, the defendant alleged that the payee was the agent of the marketing corporation, and, upon the basis of this averment, sought to set off a claim against the latter as principal. If this averment should be treated as having been made as a conclusion based upon the allegations as to interlocking officers and directors, it would clearly be insufficient, for the reason indicated in the preceding division. If it be treated as an independent allegation, it is still without force, in view of the fact that the note sued on appears to be a sealed instrument. While an agent can maintain a suit on a contract made in his own name, and while it has been held that where an agent sues in his own name upon a contract so made for the benefit of his principal, the action will be subject to any defenses which the defendant could lawfully assert against the principal if the action had been brought in the name of the latter (Code, §§ 4-404 (3), 20-1304; *McConnell* v. *East Point Land Co.*, 100 *Ga.* 129 (2), 134, 28 S. E. 80; *Rose* v. *Weinberger*, 108 *Ga.* 533, 536, 34 S. E. 28, 75 Am. St. R. 73; 2 Am. Jur. 341, § 432; 3 C. J. S. 135, §§ 226-228), this rule as to defenses can have no application where the instrument sued on is a sealed

instrument and the principal does not appear to be a party thereto. In 2 Am. Jur. 311, § 395, it is stated that where the contract sued on is under seal, it is not competent to introduce extrinsic evidence to show that the contract was executed on behalf of an undisclosed principal. The same rule would apply as to a disclosed principal, since the contract itself excludes extrinsic evidence as to who are the parties thereto. In 22 C. J. 1240, § 1655, it is stated: "Parol evidence is inadmissible to show that the nominal party to a contract under seal was acting as agent for another, either for the purpose of exonerating him from liability or for the purpose of charging his principal, or, as otherwise expressed, a contract under seal may not be turned into a simple contract of a person not in any way appearing on its face to be a party to or interested in it, on proof dehors the instrument that the nominal party was acting as agent of another, either for the purpose of charging the principal or to enable him to sue." In 3 C. J. S. 162, § 240, it is stated: "In the absence of a statute abolishing the effect of a seal, a disclosed principal is not liable as a covenantor or grantor on a sealed contract made by his agent, unless he appears upon the instrument to be such." In jurisdictions where the distinction between sealed and unsealed instruments is still recognized, the principal may not sue on a contract under seal made by his agent in his own name. Ib. 211, § 276. Such a distinction still exists in this State. *Neely* v. *Stevens*, 138 *Ga.* 305 (75 S. E. 159); *United Leather Co.* v. *Proudfit*, 151 *Ga.* 403 (107 S. E. 327). In 2 Mechem on Agency (2d ed.), 1634, § 2064, it is stated "that upon sealed instruments no one can sue or be sued who does not appear on the face of the instrument to be a party to it." On the subject of agency, the restatement by the American Law Institute declares, that, "in order that a person should be a covenantee or grantee in a sealed instrument, he must appear as such in the instrument." Restatement of Law of Agency, § 158. These statements do not all exactly fit the present situation, but the principle underlying them is applicable.

The note being a sealed instrument, the parties, whether maker or payee, are as between themselves insulated thereby. In *Lenney* v. *Finley*, 118 *Ga.* 718 (45 S. E. 593), it was said: "The rule that an undisclosed principal shall stand liable for the contract of his agent does not apply when the contract is under seal. Accord-

ingly, a lease under seal, executed by an agent as lessee in his individual name, and which does not purport to be executed on behalf of the principal, is not binding upon the latter, although it appears from extrinsic evidence that the lessee was the general agent to conduct a business for his principal, and that the premises were leased to be used in such business." See also *Van Dyke* v. *Van Dyke,* 123 *Ga.* 686 (51 S. E. 582, 3 Ann. Cas. 978) ; *Citizens National Bank of Washington* v. *Jennings,* 35 *Ga. App.* 553 (134 S. E. 114) ; *Ponder* v. *Barrett,* 46 *Ga. App.* 757 (169 S. E. 257). The instrument sued on in this case was a sealed instrument and was signed by the defendant. It named the Federated Growers Credit Corporation as the payee, and did not disclose that any other person or corporation was a party to or interested in the note, except the maker and the payee. The defendant in executing and delivering the note in this form is estopped by his seal from asserting that the payee was agent for another, namely, the marketing corporation, for the purpose of claiming a, set-off based upon a breach of contract by the latter as principal. The rule as to insulation of parties applies also to the plaintiff as an indorsee directly from the maker, such indorsement being treated like the note itself as a contract under seal. *Milledge* v. *Gardner,* 29 *Ga.* 700; *Baldwin Fertilizer Co.* v. *Carmichael,* 116 *Ga.* 762 (2) (42 S. E. 1002) ; *Lanier* v. *Berry,* 41 *Ga. App.* 34 (151 S. E. 821) ; *Hamby* v. *Crisp,* 48 *Ga. App.* 418 (172 S. E. 842). It follows that the allegations as to agency, as they appear in the answer, were ineffectual as against the sealed instrument on which the action was brought.

3. For the reasons stated in the two preceding divisions, none of the matters alleged in the answer could be taken as setting forth a defense; and this would seem to be true without regard to the character of the insurance policy referred to in the answer. The policy, however, contained no agreement to pay a definite sum as a guaranty of the crop regardless of loss or damage, but purported to indemnify the insured for losses from stated hazards. Accordingly, the policy did not appear to be a wagering or gambling contract, as contended. The Court of Appeals held, in effect, that the answer as amended, together with the amendment refused, failed to show any reason why the credit corporation should be held responsible for the acts or omissions of the marketing corporation,

or distributor. While, as stated above, this conclusion appears to be based upon a disagreement with the defendant's theory of corporate identity, and the defendant in his petition for certiorari assigns error upon the failure of the Court of Appeals to give to him the benefit of his theory of agency, still, under the authorities cited above, the result in that court could not properly have been different if the decision had also considered and ruled, upon the question of agency. For the reasons stated, the writer concurs in the decision as delivered by Mr. Chief Justice Russell, holding that the case was correctly decided by the Court of Appeals. As indicated above, Justices Jenkins and Grice concur in this opinion. The Chief Justice directs me to say that he also is in accord with the statements contained herein, but that he had thought the original syllabus, which he prepared, sufficiently dealt with the case.